IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PATRICIA GOLDEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br><br>　　　　Defendant. | Civil Action 7:10-CV-138 (HL) |

**ORDER**

This case is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 14).

On April 5, 2010, the Court entered an order remanding this case to the administrative level for further proceedings. (Doc. 12). On June 23, 2011, Plaintiff filed a motion for attorney's fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act ("EAJA"). (Doc. 14).

Plaintiff seeks an award of attorney's fees in the amount of $4,779.23, to be paid directly to Plaintiff. The requested fee award consists of $180.56 per hour for 12.8 hours of work by Charles L. Martin and $180.56 per hour for 13.67 hours of work by Denise Sarnoff. According to counsel, the hourly rate of $180.56 is based on the calculated April 2011 Consumer Price Index ("CPI") hourly rate.

The Commissioner objects to the motion. He argues that counsel is not entitled to payment of the April 2011 CPI rate for work performed in 2010. He also argues that the number of hours claimed should be reduced.

**I.     ANALYSIS**

The EAJA, as codified at 28 U.S.C. § 2412(d)(1)(A), provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Subsection (d)(2)(A) further provides that awards of attorney's fees shall be based on prevailing market rates for comparable services, but that fees in excess of $125 per hour shall not be awarded "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

There is no dispute that Plaintiff is the prevailing party in this case.

    **1.     Number of hours**

The Commissioner contends that the requested hours of attorney work are excessive and therefore not reasonable. He specifically takes issue with the 4 hours spent by Martin in November of 2010 reviewing the case for merit to appeal and drafting a file memorandum.

The district court is responsible for excluding any unnecessary work from the fee award. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). "A court may reduce excessive, redundant or otherwise

2

unnecessary hours in the exercise of billing judgment." Perkins v. Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988). As this is an EAJA case, the Court must consider the reasonableness of time spent under the lodestar method. Commissioner, Immigration & Naturalization Serv. v. Jean, 496 U.S. 154, 161, 110 S.Ct. 2316 (1990).

It is the Court's opinion that Plaintiff has requested a reasonable number of hours. The Court does not find the 4 hours for reviewing the case and drafting a memo to be excessive, as this case involves a 400-page administrative record. Plaintiff will receive compensation for the 26.47 hours expended by her attorneys on this case.

### 2. Hourly rate

The Eleventh Circuit held in Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'. . .The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations and footnote omitted).

The first step under Meyer is for the Court to determine the relevant market rate. The Eleventh Circuit has stated that:

3

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work....Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

Norman, 836 F.2d at 1299 (internal citations omitted).

To establish the market rate, Plaintiff provides affidavits from Martin, Roger J. Dodd, and George T. Talley. All three attorneys opine that the market rate for attorneys with Martin's and Sarnoff's experience exceeds the current statutory rate with inflation. Thus, the Court must proceed to the second step of the Meyer analysis.

The Court cannot find a reason to decline to apply the cost-of-living escalator. Judge Clay Land in Hartage v. Astrue, No. 4:09-CV-48 (CDL), 2011 WL 1123401 (M.D. Ga. Mar. 24, 2011), as adopted by Judge Marc Treadwell in Brown v. Astrue, No. 5:10-CV-49 (MTT), 2011 WL 3296165 (M.D. Ga. Aug. 2, 2011), clarified the proper way to calculate the amount of inflation when determining EAJA attorney's fees. In Hartage, the court reasoned that the reasonable attorney's fees must reflect the year in which the work was performed

and that "enhancements to compensate for a delay in payment should be reserved for unusual cases, such as cases 'where the delay is unjustifiably caused by the defense.'" Hartage, 2011 WL 1123401, at *2 (quoting Perdue v. Kenny A. ex rel. Winn, --- U.S. ---, 130 S.Ct. 1662, 1675 (2010)). Judge Land did not find that the case was unusual and did not apply an enhancement. He calculated attorney's fees based upon the annual average CPI for 2009 and 2010. He applied the February 2011 CPI for work performed that month.

Similarly in Brown, Judge Treadwell found that the case was not unusual and did not apply an enhancement. As the EAJA motion was filed in 2011, and work was done on the case in 2010, January 2011, February 2011, and April 2011, Judge Treadwell determined that the appropriate rates to be paid were the CPI adjusted rates for 2010, January 2011, February 2011, and April 2011. Brown, 2011 WL 3296165, at *2.

Here, the EAJA motion was filed in 2011. Ms. Sarnoff worked on the case for 13.67 hours in March 2011. Mr. Martin worked on the case for 5.1 hours in 2010, 0.2 hours in January 2011, 0.5 hours in March 2011, 0.4 hours in April 2011, 1.7 hours in June 2011, and 4.9 hours in July 2011.

Consistent with Hartage and Brown, the Court finds that counsel worked 5.1 hours in 2010 at a rate of $175.06, 0.2 hours in January of 2011 at a rate of $176.80, 14.17 hours in March 2011 at a rate of $179.41, 0.4 hours in April 2011 at a rate of 180.56, 1.7 hours in June 2011 at a rate of $181.22, and 4.9 hours in

July 2011 at a rate of $181.38.[1] The Court does not find that this is an unusual case where an enhancement should be granted.[2] Accordingly, the Court finds that Plaintiff is entitled to $4,739.46 in attorney's fees under the EAJA.[3]

## III.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 14) is granted, in part, and denied, in part, as outlined herein. Plaintiff is awarded $4,739.46 in attorney's fees under the EAJA to be paid directly to Plaintiff. Plaintiff's Motion for Extension of Time to File EAJA Reply Brief (Doc. 16) is denied as moot.

---

1 The Court declines to reduce the hourly fee for Sarnoff's work to that of a paralegal.

[2] The proper computation for determining the hourly rate for attorney's fees performed both in years prior to an EAJA motion being filed, and the actual year the motion is filed is as follows:

$$\frac{\text{[The average CPI for the year in which the work was performed or, if work was performed in the year that the motion was filed, the average CPI for the month in which the work was performed]}}{155.7 \text{ [March 1996's average CPI, the month the statutory cap changed from \$75]}} \times 125 \text{ [the statutory cap]}$$

Lawton v. Astrue, No. 5:09-CV-239, 2012 WL 1119459 (M.D. Ga. Apr. 3, 2012).

[3]

| Year | Rate | Hours | Total |
|---|---|---|---|
| 2010 | $175.06 | 5.1 | $892.81 |
| Jan. 2011 | $176.80 | 0.2 | $35.36 |
| Mar. 2011 | $179.41 | 14.17 | $2,542.24 |
| Apr. 2011 | $180.56 | 0.5 | $90.28 |
| June 2011 | $181.22 | 1.7 | $308.07 |
| July 2011 | $181.38 | 4.9 | $888.76 |

**SO ORDERED**, this the 20th day of June, 2012.

                                          *s/ Hugh Lawson*
                                          **HUGH LAWSON, SENIOR JUDGE**

mbh